

FILED
JAN 2 5 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Paul Maas Risenhoover, )
)
    Plaintiff, )
)
v. ) Civil Action No. 18-3031 (UNA)
)
Sylvia Gaye Stanfield *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).[1]

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff, a resident of Taiwan, has submitted a largely incomprehensible pleading styled as a "FOIA Civil Complaint," ECF No. 1. He purports to sue six officials, including President Donald J. Trump and Secretary of State Michael Pompeo, *see* Compl. Caption, but only "certain executive branch agencies" may be sued under the Freedom of Information Act (FOIA). *Flaherty v. IRS*, 468 Fed. App'x 8, 9 (D.C. Cir. 2012) (citing 5 U.S.C. § 552(f)(1); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006)).

---

[1] Also pending is plaintiff's motion for leave to file electronically. "Whether leave of Court should be granted is within the discretion of the judge to whom [a] case is assigned." LCvR 5.4(b)(2). The dismissal of the case at this juncture precludes assignment to a judge; therefore, that motion will be denied.

1

Apart from naming the wrong defendants, plaintiff has not clearly identified the offending agency (or agencies) and alleged that it improperly withheld records responsive to a properly submitted FOIA request. *See McGehee v. CIA.*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (FOIA jurisdiction "is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records") (citation and internal quotation marks omitted)); *Marcusse v. U.S. Dep't of Justice Office of Info. Policy*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (An "agency's disclosure obligations are triggered by its receipt of a request that 'reasonably describes [the requested] records' and 'is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed.'") (quoting 5 U.S.C. § 552 (a)(3)(A)). Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: January 24, 2019